IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN AMERICO GIORGILLI,     *

    Plaintiff           *

    v.                    *     CIVIL NO. SKG-13-2544

HOWARD R. GOLDSTEIN &    *
LATITUDE 26 INVESTMENTS,
LLC,                   *

    Defendants.        *

    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM

Now pending is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) & (6), or, alternatively, motion for summary judgment pursuant to Fed. R. Civ. P. 56. (ECF No. 10). Briefing is complete. No hearing is necessary, Local Rule 105.6. For the reasons set forth herein, this Court GRANTS Defendants' motion to dismiss Plaintiff's claims against Defendant Latitude 26 Investments, LLC, GRANTS Defendants' motion to dismiss Plaintiff's claims for punitive damages, and GRANTS Defendants' motion for summary judgment.

## I. Background[1]

On June 6, 2013, Plaintiff and Defendant Howard Goldstein ("Defendant Goldstein") entered into a contractual relationship wherein Defendant Goldstein agreed to lend Plaintiff twenty thousand dollars ($20,000). (ECF No. 2, ¶5; ECF No. 10, Ex. 1). The purpose of the aforementioned contract was to provide Plaintiff with operating capital for two startup companies, a commercial crabbing business and a boat manufacturing business. (ECF No. 2, ¶5). On June 5, 2013, Defendant Goldstein wire transferred to Plaintiff the agreed upon twenty thousand dollars ($20,000). (ECF No. 10, Ex. 2). On August 1, 2013, Plaintiff and Defendant Goldstein entered into an additional contract providing for another loan of twenty thousand dollars ($20,000) with a revolving line of credit up to fifty thousand dollars ($50,000). (Id., Ex. 3). The August 1, 2013, agreement stated "[a]ny requested advances on the Line of Credit shall be honored by [Defendant Goldstein] and paid to [Plaintiff] within Five (5) days." (Id.) Defendant Goldstein wire transferred the initial twenty thousand dollar ($20,000) loan to Plaintiff on August 1, 2013. (Id., Ex. 4).

---

[1] Because, as will be discussed infra, the Court is of the opinion that summary judgment is appropriate, the facts and the inferences to be drawn therefrom are taken in the light most favorable to the party opposing the motion for summary judgment, Plaintiff. Scott v. Harris, 550 U.S. 372, 378 (2007); Iko v. Shreve, 535 F.3d 225, 230 (4th Cir. 2008).

Thereafter, on August 8, 2013, Plaintiff sent a Notice of Intent to Defendant Goldstein's counsel making a written request for an additional twenty thousand dollars ($20,000), pursuant to the revolving line of credit in the August 1, 2013, agreement. (ECF No. 10, Ex. 5). Defendant Goldstein failed to transfer the twenty thousand dollars ($20,000) to Plaintiff within the five-day payment period as agreed upon in the August 1, 2013, contract. (ECF No. 2, ¶5). On September 3, 2013, Defendant Goldstein agreed to pay Plaintiff thirty thousand dollars ($30,000) as the final draw on the line of credit unless and until the line of credit was reduced. (ECF No. 10, Ex. 6).

Also on September 3, 2013, Plaintiff filed the present action against Defendant Goldstein and Defendant Latitude 26 Investments, LLC, for breach of contract, seeking specific performance, actual and punitive damages, as well as other relief. (ECF No. 1).

## II.  Standard of Review

### A. Standard for Dismissal under Rule 12(b)(1)

The burden of proving subject-matter jurisdiction is on the Plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (noting challenge may be either facial, i.e., complaint fails to allege facts upon which subject-matter jurisdiction can be based, or factual, i.e., jurisdictional allegations of complaint

are not true).  See also Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (same); Richmond, Fredericksburg & Potomac Ry. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991) (same).  In the case of a factual challenge, it is permissible for a district court to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768 (citing Adams, 697 F.2d at 1219).  The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Richmond, 945 F.2d at 768.

**B. Standard for Dismissal under Rule 12(b)(6)**

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim.  Id. at 679.  As the Twombly opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  "A pleading

4

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' … Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. Twombly, 550 U.S. at 555.

## C. Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing

party's] position" is insufficient to defeat a motion for summary judgment. <u>Id.</u> at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, <u>Scott v. Harris</u>, 550 U.S. 372, 378 (2007); <u>Iko v. Shreve</u>, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Rule 56(c)(4).

## III. Discussion

### A. Motion to Dismiss – Subject Matter Jurisdiction

Defendants contend that this Court lacks subject matter jurisdiction over this case. The Court disagrees.

Plaintiff asserts that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). That statute grants original jurisdiction to district courts in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . (2) citizens of different states." <u>Id.</u>

Defendants concede that complete diversity of citizenship exists in this case. (ECF No. 10, 14). Defendants dispute, however, that the amount in controversy exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs. (Id. at 14-16).

The burden of proving subject-matter jurisdiction is on the Plaintiff. Adams, 697 F.2d at 1219 (noting challenge may be either facial, i.e., complaint fails to allege facts upon which subject-matter jurisdiction can be based, or factual, i.e., jurisdictional allegations of complaint are not true). Here, Defendants have raised a factual challenge to the jurisdictional allegations of Plaintiff's complaint, specifically, the jurisdictional amount in controversy. (ECF No. 10, 13-14). Accordingly, this Court may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768 (citing Adams, 697 F.2d at 1219). Where, as here, the factual basis for the jurisdictional amount in controversy is challenged, the party seeking to invoke the jurisdiction of the federal courts carries the burden of proving that it does not appear "to a legal certainty" that its claim is for less than the jurisdictional amount. Wiggins v. N. Am. Equitable Life Assurance Co., 644 F.2d 1014, 1017 (4th Cir. 1981) (quoting McDonald v. Patton, 240 F.2d 424, 426 (4th Cir. 1957)). If "it appears to a legal certainty" that the Plaintiff

cannot recover the jurisdictional minimum, the case will be dismissed for want of subject matter jurisdiction. Id.

Determining the value of the matter in controversy for purposes of federal subject matter jurisdiction is naturally decided under federal law; yet, in a diversity of citizenship case, federal courts must look to state law to determine the nature and extent of the right the Plaintiff is seeking to have enforced or protected. 14AA Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3702, at 268-69 (4th ed. 2011). This includes examining the forum state's rules regarding the measure of damages, availability of special and punitive damages, as well as a right to attorney's fees. Id. at 271-73. Sitting in diversity, this Court is bound to apply Maryland's rules for choice of law. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487 496 (1941); DiFederico v. Marriott Int'l, Inc., 714 F.3d 796, 807 (4th Cir. 2013). On this point, Maryland law holds that the law of the jurisdiction where the contract was made controls its validity and construction (*lex loci contractus*). Commercial Union Ins. Co. v. Porter, 698A2d 1167, 1199 (Md. 1997); Kramer v. Ball's Park Place, Inc., 535 A.2d 466, 467 (Md. 1988). Here, the parties agree, and the August 1, 2013, contract expressly states, that Maryland law controls the agreement's validity and construction. (ECF No. 10, 7; ECF No. 2, ¶1; ECF No. 10, Ex 3).

Accordingly, the Court shall look to Maryland law of contracts to determine whether Plaintiff's claim meets the jurisdictional minimum amount in controversy.

First, the Court finds that punitive damages are not available to Plaintiff. In Maryland, punitive damages are not available in a pure action for breach of contract, even if the breach is malicious. Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983); Schaefer v. Miller, 587 A.2d 491, 492-93 (Md. 1991); St. Paul at Chase Corp. v. Manufacturers Life Ins. Co., 278 A.2d 12, 33-34 (Md. 1971). Punitive damages may only be awarded in a breach of contract case if a "tort arises out of the contractual relationship." Am. Laundry Machinery Industries v. Horan, 412 A.2d 407, 417 (Md. 1980). Further, where a tort does, in fact, arise out of the contractual relationship, actual malice is required and the relationship between the tortuous conduct and the contract must be "so intertwined that one could not be viewed in isolation from the other." Id.; General Motors Corp. v. Piskor, 381 A.2d 16, 21 (Md. 1977).

Here, Defendant Goldstein concedes that he breached the August 1, 2013, agreement by failing to disburse funds to Plaintiff within the five-day window prescribed by the agreement. (ECF No. 10, 19). Although Plaintiff's amended complaint alleges injury "[a]s a direct result of the defendant(s) tortuous acts in which they willfully, knowingly

and intentionally refused to advance the plaintiff the necessary funds" (ECF No. 2, ¶9), Plaintiff has pled no facts constituting "actual malice" on the part of Defendants. "Actual Malice" being "characterized as the performance of an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being deliberately and willfully injure the plaintiff." K & K Mgmt., Inc. v. Lee, 557 A.2d 965, 984 (1989) (citations omitted); Komornik v. Sparks, 629 A.2d 721, 725 (Md. 1993). Because Plaintiff has failed to plead any particularized facts showing actual malice, sufficient to satisfy Rule 9(b), it is "a legal certainty" that Plaintiff cannot recover punitive damages.[2]

Second, attorney's fees are likewise unavailable to Plaintiff. In Maryland, attorney's fees are generally only available to a plaintiff where: (1) the parties to the contract agree in that contract to pay attorney's fees; (2) a statute allows for such fees; (3) wrongful conduct of the defendant forced the plaintiff into litigation with a third party; (4) the plaintiff is forced to defend malicious prosecution; or (5) they are considered as an element of a punitive damages award. St. Luke Evangelical Lutheran Church, Inc. v. Smith, 568 A.2d 35, 39-41 (Md. 1990) (citations omitted). None of these exceptions

---

[2] The Court hereby acknowledges Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's claims for punitive damages (ECF No. 10) and, for the foregoing reasons, GRANTS the motion.

applies in this case, in particular, the August 1, 2013, agreement only provides for the right to attorney's fees in the event of a collection action following a "Borrower," i.e., Plaintiff, default. (ECF No. 10, Ex. 3). Accordingly, it is also "a legal certainty" that Plaintiff cannot recover attorney's fees.

Finally, the Court considers Plaintiff's entitlement to actual damages. In Maryland, courts assess actual damages for breach of contract following the two-part principle established in Hadley v. Baxendale. See Burson v. Simard, 35 A.3d 1154, 1159 (Md. 2012) (citing Hadley v. Baxendale, 9 Ex. 341, 156 Eng. Rep. 145 (1854)). Under this standard, the non-breaching party in a breach of contract action may recover: (1) damages as may fairly and reasonably be considered to arise naturally from the breach of the contract itself (general damages); and (2) such damages "as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it" (special damages). Id. (citing Lloyd v. General Motors Corp., 916 A.2d 257, 288 n.25 (2007)); CR-RSC Tower I, LLC v. RSC Tower I, LLC, 56 A.2d 170, 188-189 (Md. 2012). In the case of a breach of a contract to lend money, "the borrower can get judgment for damages measured by his resulting injury so far as the defendant had reason to foresee such injury when the contract was made

. . . [d]oubtless, there are many cases in which [the lender] has no reason to foresee that the borrower will be unable to secure money elsewhere or that there will be special injuries; but if he has such reason he must make good the loss." St. Paul at Chase Corp., 278 A.2d at 35-36 (citing Restatement of Contracts § 343 (1932)).

Here, on August 8, 2013, Plaintiff requested a twenty thousand dollar ($20,000) payment pursuant to the line of credit established under the August 1, 2013, agreement. (ECF No. 10, Ex. 5). Defendants concede that they breached that agreement when they failed to disburse those funds to Plaintiff within the five-day window prescribed by the contract. (ECF No. 10, 19). Accordingly, Plaintiff's general damages, such damages as may fairly and reasonably be considered to arise naturally from the breach of the contract itself, are fairly and reasonably on the order of twenty thousand dollars ($20,000), the requested sum. Plaintiff's amended complaint, however, asserts further that as a result of Defendants' failure to timely disburse funds to him, Plaintiff's businesses have suffered lost profits and irreparable harm. (ECF No. 2, ¶9-10). Moreover, Plaintiff's proffers that, because his businesses are seasonal in nature and were near inception at the time of breach, he was particularly injured by Defendants' breach. (Id. ¶¶ 5, 9).

Plaintiff, a pro se litigant, has pled few facts indicating entitlement to special damages. Specifically, the pleadings are lacking in facts showing that Defendants contemplated, at the time of contracting, that a breach would cause injury to Plaintiff beyond those arising naturally from the breach. The Court, however, finds that facts, including the seasonal and fledgling nature of Plaintiff's businesses, are sufficiently particularized to allow the court to draw the reasonable inference that Defendants' contemplated, at the time of contracting, that a failure to timely disburse funds to Plaintiff would lead to special injuries. The Court, therefore, concludes that it does not appear "to a legal certainty" that Plaintiff cannot recover special damages resulting from Defendants' breach. Although the Court finds it highly unlikely that Plaintiff is entitled to the actual damages pled in his amended complaint, one million dollars ($1,000,000), the standard for determining the jurisdictional amount in controversy is a lenient one and it is not clear "to a legal certainty" that Plaintiff cannot recover special damages sufficient to make the value of his claim greater than seventy five thousand dollars ($75,000). The Court, therefore, must DENY Defendants' motion to dismiss for lack of subject matter jurisdiction.

**B. Motion to Dismiss – Failure to State a Claim**

Defendants also contend, pursuant to Fed. R. Civ. P. 12(b)(6), that Plaintiff's claims against both Defendants should be dismissed for failure to state a claim upon which relief may be granted and that Plaintiff's claim against Defendant Latitude 26 Investments, LLC should likewise be dismissed. (ECF No. 10, 11-12). The Court now addresses both motions.

The present case arises out of the August 1, 2013, contract. (ECF No. 2, ¶5). That agreement provided for a loan of twenty thousand dollars ($20,000) and a revolving line of credit up to fifty thousand dollars ($50,000) between Defendant Goldstein, lender, and Plaintiff, borrower. (ECF No. 10, Ex. 3). The August 1, 2013, agreement also stated that "[a]ny requested advances on the Line of Credit shall be honored by [Defendant Goldstein] and paid to [Plaintiff] within Five (5) days." (Id.) Moreover, the language of the agreement expressly states that the contract is "by and between HOWARD GOLDSTEIN, a resident of the State of Maryland (hereinafter referred to as the "Lender") and JOHN A. GIORGILLI, a resident of the State of Maryland (hereinafter referred to as the "Borrower")" and the document only contains the signatures of Howard Goldstein and John A. Giorgilli. (Id.)

As discussed supra, this Court, sitting in diversity, is bound to apply Maryland law to determine the nature and extent

of the right Plaintiff is seeking to have enforced or protected.
See Klaxon, 313 U.S. at 496; DiFederico, 714 F.3d at 807.  Here,
the parties agree that the August 1, 2013, agreement constitutes
a valid contract and that Maryland law controls the agreement's
validity and construction.  (ECF No. 10, 7; ECF No. 2, ¶1; ECF
No. 10, Ex 3).  Accordingly, the Court shall look to Maryland
law of contracts to determine whether Plaintiff's amended
complaint pleads a plausible claim for breach of contract.  On
this point, Maryland law holds that failure by one party to
perform a valid and subsisting obligation to the other confers
upon the non-breaching party the right to a cause of action for
breach.  RFC Northeast, LLC v. BAA Maryland, Inc., 994 A.2d 430,
442 (Md. 2010).

Having considered Plaintiff's amended complaint, the Court
finds that it contains sufficient factual matter, accepted as
true, to state a plausible claim for breach of contract.  See
Iqbal, 556 U.S. at 678.  Plaintiff's amended complaint contends
that he "requested the advancement of additional funds, per the
terms of the contract, numerous times and by various means, and
all requests were ultimately denied by defendant(s)."  (Id.)
Further, the amended complaint asserts that "[a]s a direct
result of defendant(s) tortuous acts in which they willfully,
knowingly and intentionally refused to advance the plaintiff the
necessary funds, per the agreed upon contract," Plaintiff has

"lost income" and suffered "irreparable harm." (Id. at ¶¶9-10).
Moreover, Defendants' own motion concedes that Defendant
Goldstein breached the August 1, 2013, contract by failing to
disburse the twenty thousand dollars ($20,000) owed to Plaintiff
within the five-day window prescribed by the agreement. (ECF
No. 10, 19). The Court, therefore, finds that Plaintiff's
amended complaint pleads a plausible claim for breach of
contract. Defendants' Rule 12(b)(6) motion to dismiss
Plaintiff's claims against both Defendants is DENIED.

The Court, however, finds that Plaintiff's amended
complaint only pleads a plausible claim for relief against
Defendant Goldstein, not Defendant Latitude 26 Investments, LLC.
Plaintiff and Defendant Goldstein are the only parties to the
August 1, 2013, contract and Plaintiff has plead no facts
demonstrating any form of contractual privity between himself
and Defendant Latitude 26 Investments, LLC. Accordingly,
Plaintiff has only plead sufficient factual content to allow the
Court to draw the reasonable inference that Defendant Goldstein
is liable for the misconduct alleged. See Iqbal, 556 U.S. at
678. Consequently, Defendant's Rule 12(b)(6) motion to dismiss
Plaintiff's claim against Defendant Latitude 26 Investments, LLC
is GRANTED. Heretofore, the Court shall refer only to Defendant
Goldstein.

**C. Motion for Summary Judgment – Accord and Satisfaction**

Defendant Goldstein also asserts entitlement to summary judgment, pursuant to Fed. R. Civ. P. 56, because Plaintiff's claim is barred by the affirmative defense of accord and satisfaction. (ECF No. 10, 17). Because this Court is bound in this diversity case to apply Maryland's rules for choice of law, see Klaxon, 313 U.S. at 496; DiFederico, 714 F.3d at 807; the Court will likewise look to Maryland law governing the affirmative defense of accord and satisfaction. On this point, Maryland law holds that to prevail on the affirmative defense of accord and satisfaction, a Defendant must prove:

> (1) that a dispute arose between the parties about the existence or extent of liability; (2) that, after the dispute arose, the parties entered into an agreement to compromise and settle the dispute by the payment by one party of a sum greater than that which he admits he owes and the acceptance by the other party of a sum less than that which he claims is due; and (3) that the parties performed that agreement.

Wickman v. Kane, 766 A.2d 241, 245 (Md. 2001) (citing Air Power, Inc. v. Omega Equip. Corp., 459 A.2d 1120 (Md. 1983)). "The compromise of a dispute between the parties will serve as consideration for an accord and satisfaction when the dispute is bona fide: that is, the dispute is asserted in good faith and the subject matter is reasonably doubtful." Id. (citing Snyder v. Cearfoss, 51 A.2d 264, 267-68 (Md. 1947)). The latter element is required because forbearance of a claim which is not

asserted in good faith, _i.e._, is asserted "for the purposes of
vexation or 'in order to realize on its nuisance value,'" is of
no value.  Id. at 245-46 (quoting 1 Corbin, Contracts § 140
(1963 & Supp. 1971)).  Similarly, when a claim is liquidated,
payment of an undisputed claim or debt that is liquidated and
presently due cannot support an accord and satisfaction.  Id. at
246 (citing Reece v. Reece, 212 A.2d 468 (Md. 1965))  In that
instance, there must be some collateral consideration beyond the
past consideration to constitute an accord.  Id. (citations
omitted).

        As to the present case, Defendant Goldstein concedes that
he breached the August 1, 2013, agreement by failing to disburse
the twenty thousand dollars ($20,000) owed to Plaintiff within
the five-day window prescribed by the agreement.  (ECF No. 10,
19).  Defendant Goldstein, however, asserts that, on September
3, 2013, the parties reached a mutually agreeable resolution of
the present dispute whereby Defendant Goldstein paid Plaintiff
thirty thousand dollars ($30,000) in consideration for
Plaintiff's agreement to settle any disputes arising from
Defendant Goldstein's prior breach.  (Id., Ex. 4).  The Court,
therefore, will consider whether such an agreement constitutes
an accord and satisfaction settling Plaintiff's present claim.

        Defendant Goldstein contends that his breach only entitles
Plaintiff to the twenty thousand dollars ($20,000) he failed to

pay under the August 1, 2013, agreement.  (ECF No. 10, Ex. 4).
Conversely, Plaintiff's amended complaint makes clear that he
claims one million dollars ($1,000,000) in actual damages, two
million dollars ($2,000,000) in punitive damages, as well as the
right to attorney's fees and costs.  (ECF No. 2).  Defendant
Goldstein has submitted written proof that on September 3, 2013,
he tendered thirty thousand dollars ($30,000) to Plaintiff,
which Plaintiff accepted.  (ECF No. 10, Ex. 6).  Moreover,
Defendant Goldstein has filed an affidavit on his behalf and
proffers therein that the thirty thousand dollar ($30,000)
payment was made in consideration for Plaintiff's agreement to
compromise the dispute arising from Defendant Goldstein's prior
breach.  (Id., Ex. 4).

Plaintiff has offered no evidence either supporting or
contesting the evidence submitted by Defendant Goldstein
regarding the September 3, 2013, transaction.  In particular,
Plaintiff has not acknowledged or disputed receipt of the thirty
thousand dollar ($30,000) payment nor has Plaintiff contested
that the payment was made in consideration for Plaintiff's
agreement to settle any dispute arising out of Defendant
Goldstein's prior breach.  Faced with a motion for summary
judgment, Plaintiff may not rest upon the mere allegations or
denials of his pleading but instead must, by affidavit or other
evidentiary showing, set out specific facts showing a genuine

dispute for trial, Fed. R. Civ. P. 56(c)(1). Where, as here, a party fails to address the opposing party's assertion of fact, as required by Rule 56(c), the court may: "(2) consider the fact undisputed for purposes of the motion;" and "(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

Having considered the present motion, the Court finds that Defendant Goldstein has established his entitlement to summary judgment. The record demonstrates that Defendant Goldstein tendered payment of "a sum greater than that which he admits he owes," Plaintiff accepted "a sum less than that which he claims is due," and thirty thousand dollars ($30,000) was tendered to Plaintiff in consideration for the compromise of the dispute presently before this Court. See Wickman, 766 A.2d at 245. These facts are undisputed, Fed. R. Civ. P. 56(e). Accordingly, the Court finds that Defendant Goldstein has established the affirmative defense of accord and satisfaction and summary judgment is appropriate. A separate order shall issue.

## VI. Conclusion

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED; Defendants' motion to dismiss for failure to state a claim upon which relief

may be granted is DENIED; Defendants' motion to dismiss Plaintiff's claims for punitive damages is GRANTED; Defendants' motion to dismiss Plaintiff's claims against Defendant Latitude 26 Investments, LLC is GRANTED; and Defendants' motion for summary judgment is GRANTED. A separate order shall issue.

Date: _2/26/2014_                    _____/s/_____
                                     Susan K. Gauvey
                                     United States Magistrate Judge